

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,339-01

### EX PARTE TONY EDWARD VAUGHN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1608642-A
### IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and, under the provisions of Texas Penal Code Section Article 12.44(a), sentenced to 180 days' imprisonment in the county jail. He did not file an appeal in this cause.

Applicant contends that his due process rights were violated because Gerald Goines, an officer with the Houston Police Department who was the sole witness against him, was under investigation for falsifying evidence and had been relieved from duty. Applicant argues that the Court should infer that the officer's testimony was false based on his prior misconduct and that

Applicant's due process rights were violated. This Court has recently decided that the factors discussed in the *Coty*[1] case should apply to state actors such as police officers. *Ex parte Mathews*, ___ S.W.3d ___ WR-91,731-01 (Tex. Crim. App. Jan. 26, 2022).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court may order depositions, interrogatories, or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant has established an inference of falsity as set out in this Court's opinion in *Coty*, and if so, whether it was material. The trial court shall make a specific finding as to whether it has been shown that Officer Goines provided false information in a search warrant in 2019 and thus committed repeated acts of misconduct in pursuit of drug investigations. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014).

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 30, 2022
Do not publish